IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0080** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALBERTO DE JESUS RODRIGUEZ** | : | |

**MEMORANDUM**

Presently before the court is defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant asserts that he received ineffective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. (Doc. 49 at 2.) Specifically, defendant claims that, based on recent developments in Supreme Court jurisprudence regarding sentencing guidelines,[2] he should be re-sentenced because a jury did not find beyond a reasonable doubt that he had previously been convicted of an aggravated felony or drug trafficking offense and because counsel failed to appeal his conviction on these grounds. (Doc. 49.) Because the record conclusively

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Based on defendant's brief in support (Doc. 50) of his § 2255 motion to vacate (Doc. 49), it appears that defendant is relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), for the proposition that the sentencing guidelines were unconstitutionally applied to him. Defendant claims that his Sixth Amendment right to a jury trial was circumvented when his prior convictions were neither charged in the indictment nor submitted to the jury as a question of fact. (See Doc. 50 at 4.) As discussed infra, defendant's claim is without merit.

contradicts defendant's claim and the claim lacks merit, the court will deny defendant's motion.

### A. Procedural History

On January 16, 2004, defendant was charged with illegal reentry into the United States by an alien who had been deported following an aggravated felony conviction.[3]  (Doc. 1.)  On July 1, 2004, defendant entered a plea of guilty pursuant to a written plea agreement.  (See Docs. 23, 28, 30.)  Defendant was sentenced on November 23, 2004, and judgment was entered.  (Doc. 42.)

Defendant filed a timely motion for reconsideration of his sentence (Doc. 43), asking the court to amend his federal sentence to run concurrently with his previous state sentences, but this motion was denied by order of court dated October 7, 2005 (see Doc. 46).  Defendant filed the instant § 2255 motion (Doc. 49) on October 20, 2006, to which the United States filed a brief in opposition (Doc. 54).  The motion has been briefed and is ripe for disposition.

### B. Discussion

In the instant case, defendant filed a § 2255 motion, asking the court to "vacate, set aside, or correct [his] sentence" based on his allegation of ineffective assistance of counsel.  (Doc. 49 at 1.)  A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must show that: (1) counsel's

---

[3] See 8 U.S.C. § 1326(b) ("[A]ny alien [who has been deported and who reenters the United States while an order of deportation is outstanding] . . . whose removal was subsequent to a conviction of an aggravated felony . . . shall be fined . . . , imprisoned not more than 20 years, or both[.]")

representation was objectively unreasonable,[4] and (2) counsel's deficient performance was prejudicial.[5]  See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 688 (1984)).

When a defendant who has been convicted of a crime alleges that counsel failed to appeal the conviction, the defendant is generally entitled to a hearing to prove that he requested that counsel appeal and that counsel failed to act upon the request.  See Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).  A defendant is not, however, entitled to a hearing if the "allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous."  Id; see also 28 U.S.C. § 2255.  After a thorough review of the record, the court concludes that defendant's claim is directly contradicted by the record.  The government's brief in opposition (Doc. 54) includes an affidavit from John A. Abom, trial counsel for defendant, which clearly refutes defendant's claim that he was interested in appealing and that counsel failed to appeal.  (See Doc. 54, Aff.)  Defendant met with counsel prior to sentencing and did not object to the sentencing guideline range included in the pre-

---

[4] To provide representation that is objectively reasonable, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or, (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Solis v. United States, 252 F.3d 289, 293 (3d Cir. 2001) (citation omitted).

[5] To demonstrate prejudice in an ineffective assistance of counsel claim, a defendant must show that "counsel's constitutionally deficient performance deprive[d] . . . defendant of an appeal that he otherwise would have taken."  Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).

sentence investigation report. (Doc. 54, Aff. at 1.) Counsel also met with defendant after sentencing about the possibility of filing an appeal and advised defendant that "in [counsel's] opinion, there were no viable issues to raise on appeal."[6] (Id.) Accordingly, the court finds that defendant's allegation is conclusively contradicted by the record.

Counsel's advice that no viable appellate issues existed appears to have been quite accurate. Defendant relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), to argue that his prior convictions raised a question of fact that should have been charged in the indictment and decided by a jury. (See Doc. 49.) The Court in Apprendi, however, held that *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added).

In United States v. Ordaz, 398 F.3d 236, 240 (3d Cir. 2005), the Third Circuit expressly held: "[The] argument that the fact of a prior conviction must be found by a jury was rejected by the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998)." The Ordaz court concluded that "[t]he holding in Almendarez-Torres remains binding law, and *nothing in Blakely or Booker holds otherwise.*" Id. at 241 (emphasis added). See also United States v. Vargas, 477 F.3d

---

[6] According to defendant's counsel, defendant agreed with this assessment and "agreed that no appeal should be filed on his behalf." (Doc. 54, Aff. at 1.)

94, 104-05 (3d Cir. 2007) (citing Ordaz and likewise finding Almendarez-Torres binding on the Third Circuit). Defendant's arguments to the contrary are meritless.

Likewise, defendant's claim that his prior convictions should have been charged in the indictment is unavailing. Almendarez-Torres, which is factually similar to the instant case, held that 8 U.S.C. § 1326(b)—the statute which penalizes the reentry of certain removed aliens—is merely a penalty provision which does not create a separate crime. Hence, the government is not required to charge the fact of an earlier conviction in the indictment. Almendarez-Torres, 523 U.S. at 226-27. See also Ordaz, 398 F.3d at 241 (stating that "we [the Third Circuit] are bound by Almendarez-Torres"); Vargas, 477 F.3d at 104-05 (rejecting a similar claim as that made by defendant because Almendarez-Torres "continues to bind our decisions").

The court is bound by this unequivocal precedent. For the forgoing reasons, defendant's motion (Doc. 49) will be denied. An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:      March 29, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:04-CR-0080**
:
   **v.**     :     **(Judge Conner)**
:
**ALBERTO DE JESUS RODRIGUEZ**     :

## ORDER

AND NOW, this 29th day of March, 2007, upon consideration of defendant's motion (Doc. 49) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendant's motion (Doc. 49) is DENIED.

                            S/ Christopher C. Conner
                            CHRISTOPHER C. CONNER
                            United States District Judge